CHARLES A. ROBBE, plaintiff in error, *vs.* W. C. HEWITT, defendant in error.

1. Where an order was passed allowing the defendants thirty days after the adjournment of court within which to prepare a motion for a new trial, and to have the same allowed by the judge, and within which to prepare and have approved, or agreed to, a brief of the evidence, all of which was done within the time specified, but the judge, in passing upon the brief of testimony, ordered the same to be filed, the failure to file the motion and the brief of the testimony in the clerk's office within the thirty days, was not a valid ground on which to dismiss the motion.

2. The judgment of the court below in ordering a new trial will not be interfered with unless his discretion has been manifestly abused.

New trial. Practice in the Superior Court. Before Judge McCUTCHEN. Catoosa County. At Chambers. November 9th, 1874.

For the facts, see the decision.

JOHNSON & McCAMY, for plaintiff in error.

A. T. HACKETT; SHUMATE & WILLIAMSON; L. E. BLECKLEY, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendant on an open account, and to enforce a mechanic's lien. On the trial of the case, the jury found a verdict for the plaintiff for the sum of $702 10, with interest, and decreed a mechanic's lien on the property and premises upon which the gas-works were erected. The defendant made a motion for a new trial on the ground that the verdict was strongly and decidedly against the evidence, and the weight of the evidence, and because the verdict was contrary to the charge of the court, and for newly discovered evidence. The court, on hearing the motion, granted a new trial, whereupon the plaintiff excepted.

1. When the motion for a new trial came on to be heard the plaintiff moved the court to dismiss it on the ground that the motion for new trial and brief of evidence had not been filed in the office of the superior court of Catoosa county within thirty days from the adjournment of said court, which motion was overruled, and the plaintiff excepted. It appears from the record, that on the last day of the court at which the trial was had, there not being time to prepare the motion for a new trial, the court passed an order that the defendant's counsel should have thirty days from the adjournment of the court to make out a motion for new trial and have the same allowed by the judge, and within which to prepare and have allowed, or agreed to by counsel, a brief of the testimony in the case, which order was granted on the 7th of August, 1874. On the 31st of August thereafter the brief of the testimony was agreed to by counsel, approved by the judge, and ordered to be filed. When the motion for a new trial was presented

to the plaintiff's counsel on the 8th of September, they agreed in writing to waive the filing of the motion for new trial and brief of evidence, and agreed that the same be retained for the purpose of a hearing at Murray or Whitfield court, reserving their right, if they had any, because of the papers not having been filed in thirty days from the adjournment of the court. By the consent of the parties, the motion for a new trial was heard at chambers on the 9th of November, 1874, when the motion to dismiss was made. The order of the judge did not specify within what time the brief of the evidence should be filed, for the reason, we presume, that the motion for new trial was to be heard in vacation, and the brief of the evidence had been agreed to by the counsel, and approved by the judge, therefore the filing of it in the clerk's office prior to hearing the motion would have been a mere matter of form not affecting the merits of the motion on the hearing thereof.

Under the facts of the case, there was no error in the refusal of the court to dismiss the motion for a new trial.

2. The main question in issue between the parties on the trial of the case, was as to the performance of the gas-works which the plaintiff had erected on the defendant's premises, and whether, under the evidence, the plaintiff was entitled to a mechanic's lien. In view of the evidence contained in the record, the granting of the new trial by the presiding judge was not such an abuse of the discretion vested in him by law as to make it illegal.

Let the judgment of the court below be affirmed.